Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 191023-42002
DATE: October 29, 2021

ORDER

The overpayment of Department of Veterans Affairs (VA) compensation benefits in the amount of $5,472 was properly created; the appeal is denied.

FINDINGS OF FACT

1. At the time of his initial claim and award for VA compensation benefits in July 2000, the Veteran was married to R.R.

2. The Veteran was informed several times that he should promptly inform VA of any change in his marital status; and he was provided a VA Form 21-8764 which reiterated that additional benefits were included for his spouse and that failure to notify the Regional Office (RO) in a prompt fashion of a dependency change would result in an overpayment. 

3. In February 2016, the Veteran and R.R. divorced, but the Veteran did not notify VA until May 2019.

4. The Veteran was married to S.R. on July 29, 2017, but he did not notify VA of the marriage until May 2019.

5. In June 2019, the RO took action to remove R.R. from the Veteran's award of VA disability compensation benefits effective March 1, 2016, and to add S.R. to his award effective June 1, 2019; the actions of the RO resulted in the creation of an overpayment in the amount of $5,472.

CONCLUSION OF LAW

The overpayment of VA compensation benefits in the amount of $5,472 was properly created. 38 U.S.C. §§5110, 5111, 5112; 38 C.F.R. §§ 3.401, 3.501. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active service in the United States Marine Corps from June 10, 1996 to June 9, 2000, and in the United States Army from March 12, 2002 to August 19, 2002, from January 30, 2003 to February 22, 2004, from May 22, 2007 to June 4, 2008 and from January 3, 2010 to February 8, 2012.

This matter comes before the Board of Veterans' Appeals (Board) from a June 2019 RO decision to remove the Veteran's former spouse, R.R., from his award effective March 1, 2016, due to their divorce on February 1, 2016, and to add his current wife, S.R. to his award effective June 1, 2019. This retroactive reduction in benefits resulted in a $5,472 overpayment debt, which the Veteran was notified of by a letter from the VA Debt Management Center (DMC) in July 2019. 

The Veteran has challenged the validity of this debt. In particular, in September 2019, the Veteran indicated he does not understand why the correction was not made to his dependents because he updated his spouse's information on at least two prior occasions. He did not specify how or when these two prior occasions occurred. The Veteran also argued that the adjustment made to his benefits was incorrect, because the removal of R.R. from his award was effective as of the date of their divorce, but when adding his current wife, S.R. to his award, she was not added effective the date of their marriage in July 2017. He indicated that he is not disputing that he owes an overpayment, but rather he is disputing the timeframe VA has assessed the debt against him. He specifically indicated, "If my ex-wife was removed as of the date of our divorce, then my current wife needs to be added as of the date of our marriage in July 2017."

The law provides for the rates of disability compensation, and for payment of additional compensation for dependents of veterans who are at least 30 percent disabled. 38 U.S.C. §§ 1114(c), 1115, 1134, 1135. The Veteran was, at all times relevant to this issue and the period of time in question, rated appropriately to receive additional compensation for a spouse. 

Under 38 U.S.C. § 5112(b)(2), the effective date of reduction or discontinuance of compensation by reason of divorce of a dependent of a payee shall be the last day of the month in which such divorce occurs. See also 38 C.F.R. § 3.501(d)(2). An effective date of the award of any benefit or any increase therein by reason of marriage shall be the date of such event if proof of such event is received by the Secretary within one year from the date of the marriage, birth, or adoption. 38 U.S.C. § 5110(n); 38 C.F.R. § 3.401(b). Otherwise, the effective date is the date notice is received of the dependent's existence if evidence is received within one year of the Department of Veterans Affairs request. 38 C.F.R. § 3.401(b). The payment of monetary benefits based on an award or an increased award of compensation, dependency and indemnity compensation, or pension, may not be made to an individual for any period before the first day of the calendar month following the month in which the award or increased award became effective. The term "award or increased award" means an original or reopened award or an award that is increased because of an added dependent, increase in disability or disability rating, or reduction in income. 38 U.S.C. § 5111(a), (d).

In this case, in July 2000, the Veteran initially submitted his VA Form 21-526 claim on which he reported being married to R.R. Subsequent communication from VA shows he was being paid as a Veteran with three to four dependents (his spouse, R.R., and his children). Letters to the Veteran in August 2009, October 2009 and March 2012 also informed the Veteran that he should notify VA right away if there was any change in his marital status. He was provided a VA Form 21-8764 with each of those letters, which reiterated that additional benefits were included for his spouse and that failure to notify the RO in a prompt fashion of a dependency change would result in an overpayment. 

While the Veteran suggested that he notified VA at least two times of his change in dependency status, he did not indicate with any specificity the dates or the methods of communication he used. The Board, nonetheless, reviewed the entire claims file in an effort to determine whether there is record of the notice the Veteran was referring to. There is, in fact, no indication in the claims file of any such notification prior to the Veteran's May 2019 submission of a VA 21-686c Declaration of Status of Dependents. VA was first notified at this time of the Veteran's divorce from R.R. on February 1, 2016, and his marriage to S.R. on July 29, 2017.

In the June 2019 decision letter on appeal, the Veteran was advised that the RO retroactively removed R.R. as the Veteran's spouse from his award of VA compensation benefits effective March 1, 2016, the first day of the month following their February 2016 divorce and, since the Veteran had also married S.R, the RO added her as the Veteran's spouse to his award of VA compensation benefits effective June 1, 2019, the first day of the month following VA's receipt of their marriage information. The retroactive adjustments to the Veteran's VA compensation benefits resulted in the overpayment debt of $5,472, which was the amount the Veteran was paid additional VA benefits for a spouse when he was divorced and had no spouse, or was married to S.R., but had not notified VA of the re-marriage.

The Board recognizes the Veteran's argument that the debt should be lower because the effective date for his current spouse should be the date of their marriage. However, the law simply does not allow for the effective date the Veteran desires. He remarried in July 2017, but did not notify VA until May 2019, more than one year after the marriage. The law is clear that the Veteran's right to receive additional disability compensation with respect to R.R. ceased after their February 2016 divorce. The law is also clear that the Veteran would have had to notify VA of his marriage to S.R. within one year of the July 2017 marriage to have received additional benefits for her at an earlier date. The Veteran's entitlement to receive benefits for his marriage to S.R. did not arise until they were married, and he furnished that information to VA, which was not until May 2019. Thus, the Board finds that the action by the RO to adjust the Veteran's benefits was in accordance with the law and the overpayment in this case was properly created. The Veteran's appeal is denied.

 

 

MICHAEL E. KILCOYNE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Adamson, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.